ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF HAWAII

IN THE MATTER OF THE EXTRADITION )
OF                               )   MAG. NO. 02-0958 KSC
SHAWN MICHAEL DOHMEN             )
                                 )

COMPLAINT

TO: THE HONORABLE KEVIN S.C. CHANG, UNITED STATES MAGISTRATE JUDGE

   I, CONSTANCE A. HASSELL, being duly sworn, depose and state that I am an Assistant United States Attorney for the District of Hawaii, and act for and on behalf of the Government of The Kingdom of Belgium (the Requesting State) pursuant to the Extradition Treaty Between the United States of America and the Kingdom of Belgium and Supplements entered into force on September 1, 1997, (the Treaty) with respect to SHAWN MICHAEL DOHMEN (the Fugitive).

   In accordance with Title 18, United States Code, Section 3184, I charge, on information and belief, as follows:

   1. <u>Foreign charge</u>. The Fugitive is duly and legally charged with having committed, in the jurisdiction of the Requesting State, the crime of: Law on the trade in toxic, narcotic and soporific substances, disinfectants and antiseptics, in violation of the law of February 24, 1921, and amended by the law of July 9, 1975, section 2 bis.

Article 2 of the Treaty provides that a charge for such offense shall serve as the basis for extradition.

   2. <u>Foreign arrest warrant</u>. A warrant for the Fugitive's arrest was issued on October 31, 2001, by M. Raspe', King's Public Prosecutor of the Court in Brussels, Belgium.

   3. <u>Facts underlying foreign charge(s)</u>. According to an investigation by authorities of the Requesting State, the Fugitive, with other individuals, became involved in a scheme to smuggle ecstacy (MDMA) tablets from the Netherlands, through Belgium, into the United States. On January 15, 1999, the Fugitive and his colleagues traveled to Antwerp, Belgium, and stayed at the Astrid Plaza Hotel. One group of individuals attempted to leave Belgium on January 19th, but were arrested by Belgian officials as they attempted to carry large quantities of ecstacy from the airport in Belgium to the United States. On January 20th, a second group of individuals was scheduled to travel to the United States carrying ecstacy, but stayed at the

hotel because the ecstacy did not arrive on time. A third group of individuals, including the Fugitive, also stayed at the hotel during that time.

The Fugitive, and other individuals in the third group, were responsible for obtaining the ecstacy from the Netherlands, packaging the ecstacy, attaching it to the bodies of couriers, and transporting the couriers to the airport. The Fugitive attached the ecstacy to the bodies of the couriers in the first group of individuals prior to their attempt to leave Belgium on January 19th. The Fugitive and another man also drove this first group of individuals to the airport in Belgium. Additionally, the Fugitive also paid for the rooms for two of the groups of individuals staying at the Astrid Plaza Hotel.

The authorities in Belgium tried, convicted, and sentenced the Fugitive in absentia to a nine year term of imprisonment.

4. <u>Fugitive's presence in the U.S.</u> The Fugitive, who is within the jurisdiction of this Court, may be found at 94-1169 Heahea Street, Waipahu, Hawaii, 96797.

5. <u>Fugitive's description</u>. The Fugitive, a citizen of the United States of America, born on January 13, 1973, is described as follows: Caucasian male, brown hair, blue eyes, approximately 1.84 meters in height.

6. <u>Provisional arrest request</u>. Article 10 of the Treaty provides for provisional arrest of a fugitive pending receipt of the regular diplomatic request for extradition and accompanying documents. The government of the Requesting State has formally requested that the Fugitive be provisionally arrested for extradition.

7. <u>Extradition request</u>. I am informed through the diplomatic channels that the Requesting State will make a regular diplomatic request for extradition of the Fugitive in conformity with the Treaty and will present the completed papers upon which the demand for extradition is founded within 75 days of the Fugitive's provisional arrest, as required by Article 10 of the Treaty.

8. <u>Risk of flight</u>. The likelihood of flight is substantial if the Fugitive learns of the request prior to arrest.

Whereupon, your complainant requests:

a. that a warrant be issued pursuant to Title 18, United States Code, Section 3184, for the Fugitive's arrest;

b. that the Fugitive be brought before this Court and the evidence of criminality be heard;

  c. that if, on such hearing, the Court deems the evidence sufficient under the provisions of the Treaty to sustain the charge, the Court certify the same to the Secretary of State in order that a warrant may be issued for the surrender of the Fugitive to the appropriate authorities of the Requesting State according to the Treaty; and

  d. that this Court take such other actions as may be required under the provisions of the Treaty and the laws of the United States to meet the obligations of the United States under the Treaty, including the seizure of any items or materials in the Fugitive's possession at the time of apprehension which are related to the crimes charged or which may be used as evidence, pursuant to Article 14 of the Treaty.

  DATED AT: HONOLULU, HAWAII, this 27th day of December, 2002.

        Respectfully submitted,

        EDWARD H. KUBO, JR.
        United States Attorney

        By _/s/ Constance A. Hassell_
         CONSTANCE A. HASSELL
         Assistant United States Attorney

  Sworn to before me this 27th day of December, 2002, AND A WARRANT SHALL ISSUE.

        _/s/ Kevin S. C. Chang_
        KEVIN S. C. CHANG
        United States Magistrate Judge