Case 1:02-mj-00958-KSC   Document 6   Filed 01/10/2003   Page 1 of 12

ORIGINAL

ELLIOT ENOKI
United States Attorney
District of Hawaii

CONSTANCE A. HASSELL #3374
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Constance.Hassell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 0 2003

at 12 o'clock and 5 min. P M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE THE MATTER OF THE EXTRADITION OF SHAWN MICHAEL DOHMEN, A FUGITIVE FROM BELGIUM | MAG. NO. 02-0958 KSC<br><br>MEMORANDUM OF LAW; EXHIBIT "A"; CERTIFICATE OF SERVICE |

MEMORANDUM OF LAW

I.   INTRODUCTION

On January 6, 2003, Shawn Michael Dohmen was provisionally arrested at the request of the Government of Belgium.  Pursuant to the Extradition Treaty between the United States and Belgium, the Belgian authorities are obliged to present a formal request for Dohmen's surrender, supported by appropriate documentation, within 75 days of the date of the provisional arrest, i.e., by March 22, 2003 (see, Extradition Treaty, Article 10, Section 4, attached as Exhibit "A").[1]

---

[1] If, within this time period, the documentation is received by the American Embassy in the foreign country seeking extradition, the treaty has been complied with. United States v. Wiebe, 733 F.2d 549 (8th Cir. 1984).  The initial documentation may be supplemented at a later time, if necessary. See, p. 12, infra.



Thereafter, per 18 U.S.C. 3184, this Court must hold a hearing to consider the "evidence of criminality presented" and determine whether Dohmen should be extradited. The following legal standards govern the scope and procedure at an extradition hearing.

II.  PURPOSE OF EXTRADITION HEARING

At a hearing pursuant to 18 U.S.C. 3184, the court must establish that the person arrested is subject to surrender to the foreign country under the terms of the applicable treaty, as well as under the relevant statutes (e.g., 18 U.S.C. 3184 et seq.) and caselaw. In essence, the court must determine that the following conditions are present: 1) the hearing court has jurisdiction to conduct the extradition hearing, and proper jurisdiction over the fugitive; 2) the fugitive is being sought for offenses for which the applicable treaty permits extradition; and 3) there is sufficient evidence to establish probable cause that the individual appearing in court is the fugitive sought, and committed the offense charged. See, Bingham v. Bradley, 241 U.S. 511, 516-517 (1916); McNamara v. Henkel, 226 U.S. 520, 523 (1913); Ornelas v. Ruiz, 161 U.S. 502, 508, 509 (1896); Zanazanian v. United States, 729 F.2d 624, 625-626 (9th Cir. 1984); Gallina v. Fraser, 177 F. Supp. 856, 860 (D. Conn.), aff'd 278 F.2d 77 (2d Cir. 1959), cert. denied 364 U.S. 851 (1960).

1.  Jurisdiction.

A magistrate or judge may certify an extradition only after having received a "complaint made under oath, charging any

2

person found within his jurisdiction" with having committed any of the crimes provided for by the governing treaty in the country requesting extradition. 18 U.S.C. 3184. The complaint in this case was filed December 27, 2002. In ruling on the extradition request, the court must first determine whether the person named in the complaint is the individual brought before the court. See, Quinn v. Robinson, 783 F.2d 776, 790 (9th Cir.), cert. denied, 479 U.S. 882 (1986).

    2.   Applicability of the Extradition Treaty.

The court must next establish that the offense alleged in the complaint is extraditable by examining the relevant treaty's list of extraditable crimes. Quinn v. Robinson, supra, at 782-783. Moreover, in the case at bar, Article II of the Extradition Treaty requires that the offense for which extradition is sought be criminal under the laws of both the United States and Belgium. This "double criminality" requirement does not require that the Belgian crime be identical to the American offense which would have been charged. All that is required is that the underlying acts be punishable under both legal systems. See, Collins v. Loisel, 259 U.S. 309, 312 (1922) ("[T]he law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of liability be coextensive, or, in other respects, the same in the two countries. It is enough if the particular act charged is criminal in both jurisdictions"). Accord, Kelly v. Griffin, 241 U.S. 6, 15 (1916), United States v. Sensi, 979 F.2d

3

888, 893-894 (D.C. Cir. 1989); Cucuzzella v. Keliikoa, 638 F.2d 105 (9th Cir. 1981); Hu Yau-Leung v. Soscia, 649 F.2d 914, 918 (2d. Cir.), cert. denied 454 U.S. 971 (1981) (either a violation of federal or state law suffices); Brauch v. Raiche, 618 F.2d 843, 851 (1st Cir. 1980) (same); United States ex rel. Rauch v. Stockinger, 269 F.2d 681, 686-687 (2d Cir. 1959); Matter of Extradition of Prushinowski, 574 F. Supp 1439, 1446 (E.D.N.C. 1983); Matter of Sindona, 584 F. Supp. 1437, 1447 (E.D.N.Y. 1984).[2]

When interpreting the treaty, the extradition court must construe its provisions liberally, in a manner favoring extradition. Factor v. Laubenheimer, 290 U.S. 276, 283, 293-294 (1933); United States v. Wiebe, 733 F.2d 549, 554 (8th Cir. 1984). More specifically, since there is an overriding interest in carrying out the United States' treaty obligation to surrender the fugitive to be tried for his alleged offenses, the treaty "should be construed more liberally than a criminal statute or

---

[2] It should be noted that, absent a specific treaty provision to the contrary, the expiration of the statute of limitations is not a defense to extradition. United States v. Galanis, 429 F. Supp. 1215 (D. Conn. 1977). In determining whether the statute of limitations has or has not expired, the extradition court should apply the federal statute of limitations. Matter of Assarsson, 687 F.2d 1157 (8th Cir. 1982). Thus, 18 U.S.C. 3290, which provides for the suspending of the statute of limitations in cases of flight, is applicable to the instant case. The defendant's mere absence from the country requesting extradition tolls the statute of limitations. Ibid. at 687 F.2d 1162. But, see, Caplan v. Volkes, 649 F.2d 1336 (9th Cir. 1981); Jhirad v. Ferrandina, 486 F.2d 442, 444 (2d Cir. 1977).

the technical requirements of criminal procedure."[3] Factor v. Laubenheimer, supra, at 290 U.S. 298; United States v. Wiebe, supra; McElvy v. Civiletti, 523 F. Supp. 42, 47-49 (S.D.Fla. 1981). Accordingly, "[f]orm is not to be insisted upon beyond the requirements of safety and justice." Fernandez v. Phillips, 268 U.S. 311, 312 (1925); United States ex rel Rauch v. Stockinger, supra, at 269 F.2d 687.[4]

   3. Standard of Proof.

The extradition hearing is not intended to determine whether the evidence is sufficient to justify conviction, Collins v. Loisel, supra at 259 U.S. 316, for that determination is appropriately made by the foreign court, which has already tried and convicted the defendant. Jhirad v. Ferrandina, 536 F.2d 478, 484-485 (2d Cir.) cert. denied 429 U.S. 833 (1976). Rather, the probable cause standard is utilized. Fernandez v. Phillips, 268 U.S. 311, 312 (1925); Glucksman v. Henkel, 221 U.S. 508, 511 (1910); Marchandi v. United States, 836 F.2d 1223, 1226 (9th Cir. 1988); Sindona v. Grant, 619 F.2d 167, 175 (2d. Cir. 1980); Peroff v. Hylton, 542 F.2d 1247, 1249 (4th Cir. 1976); Merino v. United States Marshal, 326 F.2d 5, 11 (9th Cir. 1963), cert.

---

[3]Statements by the United States Department of State as to the interpretation of treaties are to be given great weight by American courts. Factor v. Laubenheimer, supra, at 290 U.S. 295; Sayne v. Shipley, 418 F.2d 679, 684 (5th Cir. 1969), cert. denied 398 U.S. 903 (1970).

[4]This liberal construction is based in part upon the recognition that foreign governments should not be expected to be versed in our Criminal laws and procedures. Grin v. Shine, 187 U.S. 181, 184-185 (1902).

5

denied 397 U.S. 872 (1964); Jiminez v. Aristeguieta, 311 F.2d 547, 562 (5th Cir. 1962); In re Ryan, 360 F. Supp. 270, 273 (E.D.N.Y.), aff'd 478 F.2d 1397 (2d Cir. 1973). In determining whether sufficient factual allegations have been made to justify extradition, the court must engage in a liberal reading of the supporting documents, in a manner favoring extradition. United States v. Manzi, 888 F.2d 204 (1st Cir. 1989); Brauch v. Raiche, supra, at 628 F.2d 847.[5]

III. PROCEDURAL REQUIREMENTS

An extradition hearing is not a criminal proceeding. Neely v. Henkel, 180 U.S. 109, 122 (1901); Sabatier v. Dabrowski, 586 F.2d 866, 869 (1st Cir. 1978); United States ex rel. Oppenheim v. Hecht, 16 F.2d 955 (2d Cir. 1927); United States v. Galanis, supra, at 429 F. Supp. 1224. Thus the Federal Rules of Criminal Procedure are not applicable, see, F.R.Crim.P. 54(b)(5), and there is no provision for discovery. Messina v. United States, 728 F.2d 77, 80 (2d Cir. 1984); Matter of Singh, 123 F.R.D. 109, 115 (D. N.J. 1987) (in extensive analysis, court rejects defense motion for discovery); but see, Matter of Extradition of Kraiselburd, 786 F.2d 1395, 1399 (9th Cir 1986)

---

[5]Thus, in Jhirad v. Ferrandina, supra at 536 F.2d 484-485, the court noted:

> It is well to remember that Jhirad's culpability will not be determined in the United States. It is not the business of the courts to assume the responsibility for supervising the integrity of the judicial system of another sovereign nation. Such an assumption would directly conflict with the principle of comity upon which extradition is based.

6

(limited discovery permitted in court's discretion); <u>Jhirad v. Ferrandina</u>, 377 F. Supp. 34, 37 (S.D.N.Y. 1974), <u>aff'd</u>, 536 F.2d 478 (2d Cir.), <u>cert. denied</u>, 429 U.S. 883 (1976) (same).[6] The Federal Rules of Evidence are also inapplicable. <u>See</u>, F.R.E. 1101(d)(3); <u>Melia v. United States</u>, 667 F.2d 300, 302 (2d Cir. 1981).

In addition, the Fourth, Fifth and Sixth Amendments have no application to extradition hearings; consequently no indictment is required, the accused has no right to confront the witnesses against him, has no right to a speedy trial, and cannot claim a double jeopardy bar to prosecution. <u>See generally</u>, <u>Neely v. Henkel</u>, <u>supra</u> at 180 U.S. 122; <u>see also</u>, <u>Jhirad v. Ferrandina</u>, <u>supra</u> at 536 F.2d 485, n. 9 (speedy trial); <u>United States ex rel. Bloomfield v. Gengler</u>, 507 F.2d 925, 928-929 (2d Cir. 1974) (double jeopardy); <u>Simmons v. Braun</u>, 627 F.2d 635, 636 (2d Cir. 1980) (confrontation and cross-examination).

IV.  RULES OF EVIDENCE

   1.  The Government's Proof.

"Unique rules of wide lattitude govern reception of evidence in Section 3184 hearings." <u>Sayne v. Shipley</u>, 418 F.2d 679, 685, <u>cert. denied</u>, 398 U.S. 903 (1970); <u>accord</u> <u>O'Brien v. Rozman</u>, 554 F.2d 780, 783 (6th Cir. 1977). For example,

---

[6] Because discovery occasions unnecessary delays, it is not contemplated by extradition treaties. <u>See</u>, <u>Bingham v. Bradley</u>, <u>supra</u> at 241 U.S. 517. Discovery is especially improper when directed towards legal issues governing the Extradition Treaty. <u>Sabatier v. Dambrowski</u>, 453 F. Supp. 1250 (D.R.I. 1978), <u>aff'd</u> 586 F.2d 866 (1st Cir. 1978).

extradition treaties do not contemplate the introduction of testimony of live witnesses, for to do so "would defeat the whole object of the treaty." Bingham v. Bradley, supra at 241 U.S. 517. Accordingly, a finding of extraditability may be based entirely on documentary evidence.[7] See, Shapiro v. Ferrandina, 478 F.2d 894, 902-903 (2d Cir. 1973); O'Brien v. Rozman, supra.[8]

Hearsay is permitted. Collins v. Loisel, supra at 259 U.S. 317; O'Brien v. Rozman, supra; Sayne v. Shipley, supra. Indeed "a determination of probable cause in an extradition proceeding may rest entirely upon hearsay." In re Ryan, 360 F. Supp. 270, 273 (E.D.N.Y.), aff'd 478 F.2d 1397 (2d Cir. 1973); see, also, United States v. Zananzanian, 729 F.2d 624, 626-627 (9th Cir 1980) (unsworn written statements may properly form the basis for extradition); Simmons v. Braun, supra, at 627 F.2d 636 (same).[9]

2.  Defense Evidence.

The fugitive's grounds for opposing an extradition request are severely limited. He is not entitled to introduce evidence which conflicts with the evidence submitted by the

---

[7] This evidence must be properly certified. See, 18 U.S.C. 3190; Cucuzzelli v. Keliikoa, 638 F.2d 105 (9th Cir. 1981); United States v. Galanis, supra, at 429 F. Supp. 1227-1228.

[8] Of course, a magistrate may, in his discretion, accept live testimony. Hooker v. Klein, 573 F.2d 1360, 1369 (9th Cir.), cert. denied 439 U.S. 932 (1978).

[9] Uncorroborated statements of an accomplice, made against his own penal interest, are sufficient to establish probable cause in an extradition hearing. Id. See, also, Eain v. Wilkes, 641 F.2d 504, 510 (7th Cir.), cert. denied, 450 U.S. 894 (1981).

8

requesting state, establishes an alibi or presents a defense such as insanity. Hooker v. Klein, supra at 573 F.2d 1368-1369. See also, Collins v. Loisel, supra at 259 U.S. 316 (permitting the introduction of defense evidence "would be in plain controvention of the intent and meaning of the extradition treaties"); Hu Yau-Leung v. Soscia, supra, at 649 F.2d 917 (alibi); Shapiro v. Ferrandina, 478 F.2d 894, 901 (2d Cir.), cert. dismissed, 414 U.S. 884 (1973); Eain v. Wilkes, 641 F.2d 504, 511 (7th Cir.), cert. denied, 454 U.S. 894 (1981) (attempt to impeach credibility of requesting country's witnesses not permitted); In re Locatelli, 468 F. Supp 568 (S.D.N.Y. 1979) (same). Moreover, procedural defenses are not permitted. Bingham v. Bradley, supra at 241 U.S. 517; Glucksman v. Henkel, supra at 221 U.S. 513-514 (variance between charges pending in the foreign country and the complaint filed in federal court not a valid defense to surrender); In Re Edmondson, 352 F. Supp. 22, 24-26 (D. Minn. 1972) (minor variance between pleadings and proof no bar to extradition). Instead, a fugitive's right to controvert the evidence introduced against him is "limited to testimony which explains rather than contradicts the demanding country's proof . . ." Collins v. Loisel, supra, at 259 U.S. 315-317; United States ex rel. Petrushansky v. Marasco, 325 F.2d 562, 567 (2d Cir.), cert. denied, 376 U.S. 952 (1963); accord, Hooker v. Klein, supra; Matter of Sindona, 450 F. Supp. 672, 685 (S.D.N.Y. 1978), aff'd sub nom Sindonna v. Grant, 619 F.2d 167 (2d Cir.

9

1980).[10]

In a similar manner, the defendant may not challenge the motives of the requesting government for bringing charges against him, nor may he assert that the procedures used in the requesting state's trial-in-chief did not comport with due process, nor that he will not receive the protections in the foreign country which he would have in the United States. Where such issues are raised, the extradition court must reject them, based upon the well settled "rule of non-inquiry." See, Bingham v. Bradley, supra (U.S. courts will presume that the accused will receive a fair trial); Glucksman v. Henkel, supra at 221 U.S. 512 (same); Jhirad v. Ferrandina, supra at 536 F.2d 484-485; Holmes v. Laird, 459 F.2d 1211, 1219 (D.C. Cir. 1972), cert. denied 409 U.S. 869 (1972) (claim that foreign justice system did not comport with american due process irrelevant); In Re Locatelli, supra at 468 F. Supp. 574 (alleged political motives behind extradition request will not be examined by an American court); In Re Gonzalez, 217 F.Supp. 717, 722 n. 15 (S.D.N.Y. 1963) (extradition court has no authority to inquire into matters other than the facial validity of the extradition documents). Instead, the resolution of these issues is for the consideration of the Secretary of State, who has the power to refuse to extradite a prisoner, despite the fact that he is properly extraditable under

---

[10]Testimony of defense witnesses, called pursuant to 18 U.S.C. 3191, will be permitted only if the subject matter of that testimony conforms to this standard. Matter of Demjanjuk, 603 F. Supp. 1463, 1465 (E.D. Ohio 1984), appeal dismissed, 762 F.2d 1012 (6th Cir. 1985).

10

Title 18 of the United States Code. See, Quinn v. Robinson, supra, at 783 F.2d 789; Sindona v. Grant, supra, at 619 F.2d 174; In re Lincoln, 228 F. 70, 74 (E.D.N.Y. 1915), aff'd per curiam 241 U.S. 651 (1916).[11]

Additionally, the defendant may not attempt to argue that he did not flee from the justice system of the country now seeking extradition and is thus not a "fugitive" under 18 U.S.C. 3484; rather the nature of his departure from that country is immaterial and his mere presence in this country renders him a "fugitive" subject to extradition. Vardy v. United States, 529 F.2d 404, 407 (5th Cir. 1976); In re Chan Kam-Shu, 477 F.2d 333, 338-339 (5th Cir.), cert. denied 414 U.S. 847 (1973).

3.  Supplemental Evidence.

Finally, if the extradition court requires additional evidence in order to arrive at a finding of extraditability, it should permit supplemental documents to be submitted by the foreign government. See, e.g., Greci v. Birknes, 527 F.2d 956,

---

[11]Pursuant to 18 U.S.C. 3188, the Department of State is required to surrender the defendant within two months of the last judicial act. However, once the defendant has been certified extaditable and has exhausted or has not utilized his habeas corpus remedies, he may administratively petition the Department of State for an exemption from extradition. See, In re Lincoln, supra at 228 F. 74; accord United States v. Manzi, supra at 888 F.2d 206; Eain v. Wilkes, supra at 641 F.2d 516-517; Sindona v. Grant, supra; Jhirad v. Ferrandina, supra; Garcia-Guillern v. United States, 450 F.2d 1189, 1192 (5th Cir. 1971); Laubenheimer v. Factor, 61 F.2d 626 (7th Cir 1932), aff'd 290 U.S. 276 (1933); Matter of Extradition of Atta, 706 F. Supp. 1032, 1031 (E.D.N.Y. 1989).

11

960-961 (1st Cir. 1976).[12]

V.  CONCLUSION

Extradition hearings are sui generis, Jhirad v. Ferrandina, supra, at 536 F.2d 482, and do not follow the rules of evidence or procedure applicable to domestic criminal offenses.  The principles of liberal construction of treaties and proof, as well as those rules which limit the testimony necessary to support a finding of extraditability and which prohibit defenses from being offered, exist both because the defendant has received a full trial on the merits in the country to which he is extradited, and because there is an overwhelming governmental interest in fulfilling American treaty obligations to other sovereign states.

DATED:  January 10, 2003          , Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____
CONSTANCE A. HASSELL
ASSISTANT U.S. ATTORNEY

---

[12] Were the court to instead dismiss the complaint, another complaint could be brought immediately, for res judicata does not apply to extradition proceedings.  Collins v. Loisel, supra, 262 U.S. 426; Hooker v. Klein, supra, 573 F.2d 1360.

12